IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD WATKINS,

        Plaintiff,

    v.

PROGRESSIVE INSURANCE
COMPANY, AMERICAN STRATEGIC
INSURANCE CORPORATION, and JANE
DOES 1-13,

        Defendants.

Case No. 3:25-cv-1284-YY

ORDER

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on February 9, 2026. Judge You recommended that this Court grant Defendant's Partial Motion to Dismiss, ECF 6, denying leave to amend on Plaintiff's contract-based claims and request for attorney's fees, but allowing leave to amend as to his intentional infliction of emotional distress and punitive damages claims.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

PAGE 1 – ORDER

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection, ECF 37. He argues that Judge You's Findings and Recommendation do not adequately consider whether waiver or estoppel preclude enforcement of the contractual limitations clause on which she relies to dismiss Plaintiff's contract-based claims. ECF 37 at 1-2. He also argues that Judge You was wrong to treat the date of loss precipitating Plaintiff's insurance claims as the date from which to apply the contractual limitations clause. *Id*. at 2. Rather, he contends that she should have considered Defendant's subsequent conduct to constitute "a continuing breach." *Id*. Finally, he argues that, even if the Court does not accept his objections with respect to waiver, estoppel, or continuing breach,

PAGE 2 – ORDER

amendment of the contract-based claims would not be futile if he could allege additional facts supporting those theories and thus leave to amend should be granted. *Id*.

The Court has reviewed *de novo* those portions of Judge You's Findings and Recommendation to which Plaintiff has objected, as well as Plaintiff's objections and Defendants' response, ECF 43. The Court agrees with Judge You's reasoning regarding Plaintiff's contract claims as currently alleged. Plaintiff's arguments on waiver and estoppel and continuing breach are wholly new, and the Court is not required to consider them. *See Brown v. Roe*, 279 F.3d 742, 745-46 (9th Cir. 2002); *Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004). Moreover, Plaintiff does not allege any facts that would support those arguments. Finally, Plaintiff's continuing breach argument is irrelevant to the issue at hand. The insurance contract between the parties requires Plaintiff to bring suit within two years of the date of loss, not the date of breach. The date of loss was October 21, 2021, well over two years before Plaintiff initiated this action in Clackamas County Circuit Court on June 20, 2025. ECF 32 at 4.

If, however, Plaintiff were to allege an amendment containing facts that support waiver and estoppel, such an amendment might not be futile. Under Oregon law, if a Defendant did something amounting to an affirmative inducement causing Plaintiff to delay, they "may be [equitably] estopped from asserting a suit limitation provision as a defense to liability on an insurance policy." *See, e.g.*, *Brockway v. Allstate Prop. & Cas. Ins. Co.*, 284 Or. App. 83, 89-90 (2017) (quoting *Herman v. Valley Ins. Co.*, 145 Or. App. 124, 133 (1996), *rev. den.*, 325 Or. 438 (1997). Thus, the Court will grant Plaintiff leave to amend his contract-based claims, claims one and two.

PAGE 3 – ORDER

For those portions of Judge You's Findings and Recommendation to which neither party has objected, the Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court ADOPTS IN PART Judge You's Findings and Recommendation, ECF 32. The Court GRANTS Defendant's Partial Motion to Dismiss, ECF 6. Plaintiff has leave to replead with respect to his contract-based claims, his intentional infliction of emotional distress claim, and his punitive damages claim, but does not have leave to replead with respect to his request for attorney's fees.

**IT IS SO ORDERED.**

DATED this 12th day of March, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER