**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **RICHARD WATKINS**,<br><br>Plaintiff,<br><br>v.<br><br>**PROGRESSIVE INSURANCE CO.**, **AMERICAN STRATEGIC INSURANCE CORPORATION**, and **JANE DOES 1-13**,<br><br>Defendants. | Case No. 3:25-cv-1284-YY<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Richard Watkins, representing himself, sued Defendants Progressive Insurance Co., American Strategic Insurance Corporation, and unnamed Jane Doe parties, alleging that Defendants failed fully to compensate Plaintiff for losses incurred after a fire at his property. Plaintiff alleges claims for breach of contract, breach of the covenant of good faith and fair dealing, negligent claims handling, unfair claims settlement practices under Oregon state law, and intentional infliction of emotional distress.

Now before the Court is Plaintiff's motion for preliminary injunction (the "Motion").[1] Courts evaluate motions not on labels but on substance. *See Castro v. United States*, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." (citations omitted)); *United States v. State of Oregon*, 769 F.2d 1410, 1414 n.4 (9th Cir. 1985) ("[T]he label attached to a motion does not control its substance."). Plaintiff's Motion, which is titled "Emergency Motion for Systemic Preliminary Injunction and Data Infrastructure Moratorium," could conceivably be construed to request a preliminary injunction or a protective order. The Court has therefore considered whether either would be appropriate.

The bulk of Plaintiff's Motion fails for three independent reasons. First, Plaintiff's Motion appears to seek a broad order from the Court directing various non-parties, including entities within the Oregon state court system and the Oregon Driver and Motor Vehicles division of the Oregon Department of Transportation, to "freeze" certain technological processes to "protect" the information from "manipulation" and "data distortion," and preserve related data. Under the Federal Rules of Civil Procedure, however, a non-party may only be bound by a court order if they are an agent of a party or "are in active concert or participation with" one of the parties; in other words, if they are "aiding and abetting" them in the challenged conduct. *See* Fed. R. Civ. P. 65(d)(2); *see also N.L.R.B v. Sequoia Dist. Council of Carpenters, AFL-CIO*, 568

[1] Notwithstanding Plaintiff's request for oral argument, the Court does not believe that oral argument would assist in resolving the pending motion. See LR 7-1(d)(1).

F.2d 628, 633 (9th Cir. 1977). Because Plaintiff has not made such a showing, Plaintiff's motion must be denied with respect to any requested relief from non-parties. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969) (concluding that it was error to enter an injunction against a non-party).

Second, Plaintiff's Motion repeatedly emphasizes that it is being brought to vindicate the "public interest." *See, e.g.*, ECF 60 at 3 ("[T]he vast majority of United State citizens do not possess the resources or capacity to protect themselves from automated record distortion. Plaintiff therefore stands in the gap to represent the public interest . . . ." (emphasis omitted)). This is improper because a plaintiff is required to "assert his *own* legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties." *Franchise Tax Bd. v. Alcan Aluminum Ltd.*, 493 U.S. 331, 336 (1989) (emphasis added) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Moreover, it is well-settled that a person who is not a licensed attorney may not proceed in court *pro se* and represent the interests of other parties. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity."). To the extent Plaintiff's Motion seeks to vindicate the rights and interests of others, it must be denied.

Third, the Motion focuses on the "systemic vulnerabilities of the public data infrastructure," ECF 60 at 2, allegations which appear "unrelated" to the insurance dispute outlined in the underlying complaint, *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (explaining that there must be a "sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself"). Moreover, because Plaintiff's Complaint exclusively seeks money damages, costs, and

fees, it cannot be said that "the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id*. (quoting *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945)). The Court, therefore, "lacks authority to grant the relief requested." *Id*.

Construing Plaintiff's Motion generously,[2] the only portion of the Motion which is potentially (1) directed at Defendants, (2) asserting the interests of Plaintiff, and (3) related to the Complaint is the paragraph titled "Commercial Policy Overrides and Targeted Economic Exclusion." ECF 60 at 14, ¶ 12. In this paragraph, Plaintiff contends that after Defendants made a partial claim payment in November 2023, "corporate operators executed a backend administrative override," effectively preventing a "hard-coded . . . reset [to] contractual limitation clocks." *Id.* (emphasis omitted). Plaintiff argues that this maneuver allowed Defendants "to falsely assert that the action was time-barred," and cites this incident as support for his "current federal Rule 26(d) early electronic discovery motions to freeze, pull, and inspect internal adjuster metadata logs before they can be manually altered or overwritten." *Id.* (emphasis omitted).

Plaintiff's Motion, therefore, appears to be making arguments as to why the Court should deny Defendant American Strategic Insurance Corp.'s motion to dismiss his claims as time-barred (which is pending before the Magistrate Judge), *see* ECF 52 at 6-9, and grant Plaintiff's Rule 26(d) motion for early discovery (which the Magistrate Judge has already denied as moot), *see* ECF 31; ECF 48. Plaintiff also provides no evidence of the asserted "backend administrative override" to "create a false defensive shield." ECF 60 at 14 (emphasis omitted). Plaintiff's assertions and arguments do not provide a basis for a preliminary injunction or a protective

[2] A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

order. Therefore, it would be inappropriate for the Court to grant any portion of Plaintiff's Motion.

**CONCLUSION**

The Court DENIES Plaintiff's Emergency Motion for Systemic Preliminary Injunction and Data Infrastructure Moratorium. ECF 60.

**IT IS SO ORDERED.**

DATED this 14th day of September, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge